# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LEE KEEL, III, <br>     Plaintiff, | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 19-CV-1931** |
| | : |
| PHILADELPHIA HOUSING <br> AUTHORITY, *et al.*, <br>     Defendants. | : <br> : <br> : |

## MEMORANDUM

**PRATTER, J.**                                                                                                                    **MAY 9, 2019**

Plaintiff Jesse Lee Keel, III, representing himself and thus, proceeding *pro se*, filed this civil action against the Philadelphia Housing Authority (PHA), Community Legal Services, and David Wengert. He also listed Tracy T. Heart as a defendant in the body of his Complaint even though he failed to identify Tracy Heart in the caption in accordance with Federal Rule of Civil Procedure 10(a). Mr. Keel seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim but with leave to amend in the event the short-comings in the Complaint can be cured.

## I.    FACTS

Mr. Keel does not provide many facts to support his Complaint. A letter dated March 7, 2017 from the PHA to Mr. Keel is attached to the Complaint as an exhibit. The letter states that the PHA proposed terminating Mr. Keel's housing choice voucher assistance payments, and that Mr. Keel was afforded an informal hearing at the PHA to allow him to contest the proposed termination. It is not clear whether that hearing occurred and, if so, its outcome. Mr. Keel also attached to the Complaint a form titled "HIPAA-COMPLIANT AUTHORIZATION FOR

RELEASE OF INFORMATION," which appears to have been provided to Mr. Keel by the Federal Community Defender Office for the Eastern District of Pennsylvania. Mr. Keel apparently signed this form on April 29, 2019.

In the body of his Complaint, Mr. Keel alleges "[they] used the wrong recrs [sic] in [their] case [against] me in Court in 1005 1301 [Filbert] Street Court [Honorable] [Judge] Robert P. [Coleman] and the Citys [sic]." (Compl. ¶ III.C.) He also suggests that he may have been denied housing and "some more [things] with [his] SSI." (*Id.* ¶ III.A.) Mr. Keel suggests the legal basis for his claims is "the right to [free] housing and using [his] SSI number wrongly." (*Id.* ¶ II.B.) He appears to be asking this Court to prosecute his ex-girlfriend, although it is unclear how that requested relief relates to his other allegations.

## II. STANDARD OF REVIEW

The Court will grant Mr. Keel leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Because proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may

2

*sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Mr. Keel's Complaint fails to comply with Rule 8 and does not state a claim. It is not clear what he is claiming that the Defendants did or did not do to give rise to a basis for liability under federal law. In other words, it is not clear what each Defendant did to harm Mr. Keel in a manner that violates the law. The Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3.

There are other reasons this Complaint cannot proceed. The Court lacks the ability to direct the prosecution of Mr. Keel's ex-girlfriend. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). Secondly, there is no right to free housing. While the Fair Housing Act prohibits discriminatory practices in housing, Mr. Keel has not stated a claim under that statute if that is what he is trying to do because nothing in his Complaint suggests that he was discriminated against on an unlawful basis. *See Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly*, 658 F.3d

3

375, 381 (3d Cir. 2011) ("The FHA makes it unlawful to 'refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.'" (quoting 42 U.S.C. § 3604(a)); *see also White v. Barbe*, No. 18-3301, 2019 WL 1787217, at *2 (3d Cir. Apr. 24, 2019) (affirming dismissal of pleading alleging Fair Housing Act claims because a pleading that "consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Mr. Keel an opportunity to file an amended complaint in the event he can promptly provide more facts about his claims in a clear manner that would set out a basis for a claim against the named Defendants. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

4