## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE LEE KEEL, III,         :
    Plaintiff,           :

                      :

v.          **FILED**    CIVIL ACTION NO. 19-CV-1931

PHILADELPHIA HOUSING  JUN 1 7 2019
AUTHORITY, *et al.*,     KATE BARKMAN, Clerk
    Defendants.      By_____Dep. Clerk

### MEMORANDUM

**PRATTER, J.**                                  **JUNE 17, 2019**

Currently before the Court is Plaintiff Jesse Lee Keel, III's Amended Complaint. For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to comply with Federal Rule of Civil Procedure 8(a).

### I.    FACTS AND PROCEDURAL HISTORY

Mr. Keel's initial Complaint named as Defendants the Philadelphia Housing Authority (PHA), Community Legal Services, and David Wengert. Mr. Keel also listed Tracy T. Heart as a defendant in the body of his Complaint even though he failed to identify Tracy Heart as a defendant in the caption in accordance with Federal Rule of Civil Procedure 10(a).

Mr. Keel did not provide many facts to support his Complaint. A letter dated March 7, 2017 from the PHA to Mr. Keel, which was attached to the Complaint as an exhibit, stated that the PHA proposed terminating Mr. Keel's housing choice voucher assistance payments, and that Mr. Keel was given an informal hearing at the PHA to contest the proposed termination. It was not clear whether that hearing occurred and, if so, its outcome. Mr. Keel also attached to his Complaint a form titled "HIPAA-COMPLIANT AUTHORIZATION FOR RELEASE OF

INFORMATION," which appeared to have been provided to Mr. Keel by the Federal Community Defender Office for the Eastern District of Pennsylvania and which Mr. Keel signed on April 29, 2019.

In the body of his Complaint, Mr. Keel alleged that "[they] used the wrong recrs [sic] in [their] case [against] me in Court in 1005 1301 [Filbert] Street Court [Honorable] [Judge] Robert P. [Coleman] and the Citys [sic]." (Compl. ¶ III.C.) He also suggested that he may have been denied housing and "some more [things] with [his] SSI." (*Id.* ¶ III.A.) Mr. Keel stated that the legal basis for his claims was "the right to [free] housing and using [his] SSI number wrongly." (*Id.* ¶ II.B.) He appeared to be asking this Court to prosecute his ex-girlfriend, although it was unclear how that relief related to his other allegations.

In a Memorandum and Order docketed on May 10, 2019, the Court granted Mr. Keel leave to proceed *in forma pauperis* and dismissed his Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court explained that it was not clear what Mr. Keel was claiming Defendants did or did not do so as to give rise to a claim against them. The Court also informed Mr. Keel that it lacked the authority to direct prosecution of his ex-girlfriend and that he has no right to free housing. If Mr. Keel was attempting to allege a claim under the Fair Housing Act, his allegations failed to support such a claim. Mr. Keel was granted leave to file an amended complaint.

Mr. Keel's Amended Complaint names all new Defendants—Citizens Bank, Melissa Wooden, "Assistant Branah Managers" and all others "that's using my SSI illegally." Mr. Keel does not provide a lot of information about his claims. In the section of the form complaint that asks a plaintiff to describe the facts giving rise to his claims, he states "not who I am it is not a

Jesse Keel Persons." (Am. Compl. at 3.)[1] Mr. Keel attached to his Amended Complaint

statements from and correspondence with Citizens Bank, a letter from his probation officer

confirming his "true name and demographics" (*Id.* at 10), a letter from the Federal Trade

Commission's Consumer Response Center, a death certificate for Jesse Lee Keel, a copy of his

social security card and birth certificate, and a copy of a criminal docket reflecting assault and

related charges filed against him in 2015. It is not clear what relief Mr. Keel seeks from this

Court.

## II. STANDARD OF REVIEW

Because Mr. Keel is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires

the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a

claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d

236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and

naked assertions will not suffice. *Id.* Given his *pro se* status, the Court construes his allegations

liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to

contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A

district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a

---

[1] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF system.

defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Mr. Keel's Amended Complaint fails to comply with Rule 8 and fails to state a claim. It is not clear what he is claiming that Defendants did or did not do to give rise to a basis for a claim within this Court's jurisdiction. His allegations and exhibits do not provide any plausible basis for concluding that Mr. Keel's rights have been violated or that Defendants are liable to him in any way. The Amended Complaint fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Keel's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure. The Court concludes that further attempts at amendment would be futile. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.